STAHLEY LAND & LIVESTOCK COMPANY v. BECK-
STEAD

(No. 983; Decided October 29th, 1920; 192 Pac. 1056)

APPEAL AND ERROR—FINDINGS ON EVIDENCE—PLEADING—NEGATIVE
PREGNANT.

1. Conjunctive denials of conjunctive allegations are in-
sufficient to put in issue any one of the allegations thus
denied. And the converse of the rule is equally true,
that the disjunctive denial of conjunctive allegations is
not a negative pregnant.

2. A judgment rendered upon conflicting evidence will not
be reversed on the ground of insufficiency of evidence,
unless there is an entire lack of substantial and creditable
evidence to support it.

ERROR to the District Court, Sweetwater County; HON.
JOHN R. ARNOLD, Judge.

Action in replevin by the Stahley Land and Livestock
Co. against Mrs. Frank Beckstead and others. There was
a judgment for defendants and plaintiff brings error.

*T. S. Taliaferro, Jr., and P. W. Spaulding,* for Plaintiff
in Error.

The evidence established the ownership of the sheep in
the Stahley Land and Livestock Company; neither plaintiff
nor defendants claim any recorded ear marks or wool marks;
the brand laws of the state as originally enacted did not
include paint brands or wool marks that refer to brands
made by hot irons; an act of 1913 for the first time, author-
ized the recording of a paint mark, but paint an wool marks
are not prima facie evidence of ownership unless corrobor-
ated with other evidence; the allegations of defendants

answer with reference to possession constitute a negative pregnant, (Ann. Cas. 1917-A 668; 158 Pac. 174); the answer does not deny the allegations of the petition, (18 P & P 551; 11 Pac. 288).

*N. R. Greenfield,* for Defendant in Error.

The appellate court will not reverse the judgment if there was no evidence to sustain it. (Ketchum v. Davis, 3 Wyo. 164-167; Col. C. M. Co. v. Duchess M. M. & S. Co., 13 Wyo. 344, 256; Slothower v. Hunter, 15 Wyo. 189-304; Riordon v. Horton, 16 Wyo. 363-374; Yount v. Strickland, 17 Wyo. 526-534; City of Rawlins v. Murphy, 10 Wyo. 238-252; Saratoga Land & Investment Co. v. Jenson, 20 Wyo. 323; Stockgrowers Bank v. Gray, 24 Wyo. 18, 40; Hunt v. City of Laramie, 181 Pac. 137, 139). Defendant was in possession of the sheep at the commencement of the action; the burden of proof rests upon plaintiff and its recovery may be based upon the strength of its own title; an unrecorded mark or brand is no evidence of ownership except as it may serve to identify an animal belonging to a particular person; a recorded brand is prima facie evidence of ownership (2602 C. S. 1910) when corroborated with other evidence; failure to record brands and marks is considered an abandonment of them, (2607 C. S. 1910; State v. Dunn, 88 Pac. 335 (Idaho); a universal custom of the locality is to identify sheep by the wool brand alone, and to disregard ear marks; this custom has the force and effect of law. (12 Cyc. 1029). The plaintiff in error did not establish by its evidence that defendant in error had any of its sheep; the answer is a general denial and cannot reasonably be construed as a negative pregnant. (Ann. Cas. 1917-A 668; 13 Cyc. 1376). The Oregon case, 11 Pac. 280, is against the decided weight of authority. (Summerfield v. Stockton M. Co. 76 Pac. 243; Boswell v. Bank, 16 Wyo. 161).

BEARD, Chief Justice.

This is an action in replevin brought by the plaintiff in error against the defendants in error to recover the posses-

sion of certain sheep. The trial was to the court without a jury resulting in a judgment against the plaintiff. It brings the case here on error.

One of the errors assigned in the motion for a new trial is the overruling of a demurrer to the answer; but we fail to find any demurrer in the record, or any reference thereto, or ruling thereon, in any part of the record. At the close of plaintiff's evidence in chief its counsel objected to the introduction of any evidence on behalf of defendants on the ground that the answer was a negative pregnant and presented no issue. The record recites that the ruling on that objection was reserved by the court; and no direct ruling seems to have been made, but as the court admitted the evidence offered on behalf of defendants we assume that the objection was overruled, and therefore we will decide the point. It is alleged in the petition, "That plaintiff is the owner of, and entitled to the possession of about two hundred head of sheep, more or less, all of said sheep being ear-marked with a crop on the right ear and an underhalf on the left ear. That defendants unlawfully, wilfully, maliciously and wantonly detain possession of the said sheep from plaintiff, and refuse to deliver possession thereof to plaintiff." The answer is as follows: "Come now the above named defendants and answering the petition of the plaintiff herein say that they deny that the plaintiff is the owner of, or entitled to the possession of any of the sheep mentioned in said petition, or that the defendants or either of them unlawfully, or wilfully, or maliciously, or wantonly detain possession of said sheep or any of them from the plaintiff." The answer contains no denial of the defendants possession of the sheep, but it does deny that plaintiff was either the owner, or entitled to the possession of them. The plaintiff based its right to possession upon ownership, and the answer distinctly, separately and not conjunctively denied the ownership or right of possession by plaintiffs. The gist of the action was unlawful detention. Plaintiff averred the different manners in which it claimed the de-

fendants wrongfully kept it out of possession; proof of any one of which would have entitled it to recover. Defendants specifically denied that it detained the sheep in either manner. The answer throughout is in the disjunctive. Had it been pleaded in the conjunctive there would have been much force to counsels' contention. The general and well recognized rule is that conjunctive denials of conjunctive allegations are insufficient to put in issue any one of the allegations thus denied. And the converse of the rule is equally true, that the disjunctive denial of conjunctive allegations is not a negative pregnant. Numerous decisions supporting the rule above stated will be found in the notes to Drennen v. Williams, Ann. Cas. 1917 A. 664, also 31 Cyc. 205. For the reasons above stated the objection to the introduction of evidence by the defendants was not well taken.

The only other question discussed or relied upon by counsel for plaintiff in error is that the judgment is not sustained by the evidence. It is earnestly contended and at great length that the undisputed evidence supports plaintiff's contention. We have carefully read the entire evidence and find it in substantial conflict. Scarcely any two witnesses agree on the material questions in the case, and some of the testimony is quite unsatisfactory. It would be of no service to quote at length from the testimony. It appears that during the spring of 1916, each of the parties was ranging and herding a band of sheep in the same locality, and that sometime between March 25 and April 10, 1916, plaintiff missed from its band about 210 sheep. That inquiry was made of the person in charge of defendants' sheep if they had picked up any strays, and was informed that they had not. That plaintiff made no effort to look in defendants' band for their missing sheep until nearly a year thereafter, although it had opportunity to do so at the time and also at the shearing pens some time later. One of plaintiff's witnesses testified that defendants' band of sheep was the only herd other than plaintiff's in that vicinity, and the only herd to possibly pick up its lost sheep and

would be the natural place to look for them. It also appears that during the late winter and spring of 1916, defendants lost from their herd in the neighborhood of 100 head of sheep. There is much conflict in the testimony as to the grade of the sheep of the respective parties, and to earmarks and brands. The testimony on behalf of defendants is that they did not pick up any of plaintiff's sheep and had none of them in their herd. The evidence as to the identity of the sheep claimed by plaintiff is in substantial conflict. Being satisfied that there is such a conflict in the evidence and that there is sufficient evidence in the record to sustain the judgment under the well settled rule that in such case the appellate court will not set aside the verdict of a jury or the findings of the trial court, this court will not reverse a judgment on the ground of insufficiency of the evidence unless there is an entire lack of substantial and credible evidence to support it. The trial judge saw and heard the witnesses who testified, had the opportunity to observe their manner and demeanor while so doing, and was in a much better position to determine the weight to be given to the testimony of each, and to arrive at a just conclusion as to the facts established by the evidence than we are from reading the testimony. Counsel for plaintiff in error close their brief as follows: "*Justitia plurimum possit callo cadente.*" That we try to do in so far as our ability will permit. In response we might say of counsel: "*Chacun tire de son cote.*" And it is right that they should do so. The burden rested upon the plaintiff to prove its case by a preponderance of the evidence. That, in the opinion of the trial court, it failed to do, and we see no substantial reason for setting aside that finding. The judgment of the district court is affirmed.

*Affirmed.*

POTTER, J. and TIDBALL, District Judge, concur.

Hon. V. J. Tidball, Judge of the Second District Court, was called in and sat in place of Blydenburgh, J., who was unable to sit.