## WAKEFIELD v. LORD

(Nos. 1445, 1446; May 8, 1928; 266 Pac. 1066)

*R. E. McNally* and *Burton S. Hill,* for appellants.

*Roy Bedford* and *John F. Raper* for respondents.

*R. E. McNally* and *Burton S. Hill,* in reply.

RINER, Justice.

These cases are before the court upon direct appeals from judgments of the District Court of Sheridan County, Wyoming, in favor of the defendants. The actions arose out of the same state of facts, and the same transactions, were tried together, and, by stipulation, are both submitted to this court upon the same transcript. The causes have been briefed together and one opinion will suffice for both, as the controlling question in each case is the same.

An examination of the record shows that on February 26, 1926, Harry Hughes and F. J. Hamstreet obtained a judgment against Frank W. Wakefield and Mrs. Frank W. Wakefield, plaintiffs below and appellants here, before J. F. Hoop, a Justice of the Peace of Sheridan County, for the sum of $84.58 and $5 costs. On this judgment an execution was issued and placed in the hands of the sheriff of that county, commanding him to make the amount of the judgment aforesaid from the goods and chattels of the Wakefields not exempt by law from being seized on execution. On the 27th day of February, 1926, the sheriff levied upon certain personal property, consisting largely of household goods claimed to belong to Mrs. Frank W. Wakefield and a box of tools claimed to belong to Frank W. Wakefield. The property was appraised at $482. On March 6th, following, the property was advertised for sale by the sheriff, the notice of sale stating that it would be held on the 18th day of that month. On the 6th day of March, also, the sheriff was served with a printed notice of exemption, wherein Frank W. Wakefield and Mrs.

Frank W. Wakefield claimed all of the property thus levied upon as exempt to them under the provisions of Sections 5886, 6035 and 6037, Wyoming Compiled Statutes, 1920. The sheriff disregarded the claim of exemption and, on the date fixed for the sale by the notice, sold the property to one J. W. Belt, who is mentioned in the return of sale as the "agent" for the Wakefields. The property was sold for $110, but the sheriff in his return states that he collected from Belt simply the amount of the judgment against the defendants and costs.

Thereafter and on June 17th, 1926, Frank W. Wakefield and Mrs. Frank W. Wakefield instituted these actions in the District Court against the sheriff and the surety on his official bond, to recover from the latter, as damages, the value of the property sold at the sheriff's sale already mentioned, the gist of the actions being that the sheriff disregarded the Wakefields' claims of exemption concerning the goods sold. The actions were, as we have said, tried as one, and on the 29th day of December, 1926, the District Court rendered separate judgments therein and found, generally, in favor of the defendants and against the plaintiffs. In these judgments the court also found specifically that the plaintiffs were about to become non-residents of the State of Wyoming, and consequently were not entitled to the benefit of any exemption as claimed; that the sheriff of Sheridan County rightfully and lawfully levied upon plaintiffs' property and sold the same. In the judgment in the Frank W. Wakefield case, it was also specially found that Wakefield was in fact residing outside of the State of Wyoming, and in both cases it was adjudged that plaintiffs had suffered no damages as a result of the sale of their property.

The claim of exemption on behalf of the Wakefields was made under the sections of the Wyoming Compiled Statutes already mentioned. Section 5886 provides, among other things, that when a married woman sues or is sued alone "she shall be entitled to the benefits of all exemp-

tions to heads of families.'' Section 6037 provides for the exemption from levy or sale upon execution of the tools and certain other property of any mechanic, miner or other person, used or kept for the purpose of carrying on his trade or business, not exceeding in value $300, and provides ''that the person or persons claiming such exemptions shall be bona fide residents of this state.'' Certain other provisions as to exemption are also contained in the statute, but are not material here. The section last mentioned and Section 6035, to be presently referred to, are found in Article 6 of Chapter 372, Wyoming Compiled Statutes, 1920. Section 6035, the other section relied upon by appellants herein, declares that certain property, enumerated in the section and not exceeding $500 in value, when owned by any person being the head of a family and residing with the same, shall be exempt from levy or sale upon execution in this state and then provides ''that no property of any person about to remove or abscond from this state shall be exempt under the provisions of this article.'' The statute also sets out the method of selecting the exempt property, and other clauses as to fees which have no bearing upon the disposition of the cases at bar.

As it is apparent from this resume of these sections of the statutes that persons who are ''about to remove'' from this state cannot claim the exemptions asked for by appellants, the sole question before the trial court was one of fact, viz: were the Wakefields about to remove from the State of Wyoming?

The assignment of error relied upon in these cases and discussed in the briefs is that the judgments are not sustained by sufficient evidence. It is insisted on behalf of appellants that the trial court should have reached a conclusion in their favor. We have carefully read the entire transcript of evidence in the light of what has been said by counsel for the parties and the cases they have cited. The evidence is in substantial conflict upon the point which must rule the cases at bar. It would serve no useful pur-

pose to review the evidence, as cases of this character necessarily stand each upon its own particular facts. It is quite plain, however, from even the most casual reading of the record, that there is substantial evidence to support the finding of the trial court.

In Marshal v. Rugg, 6 Wyo. 270, 44 Pac. 700, this court, quoting from one of its former decisions, said:

"This court has time and again decided that it will not reverse the decision of the trial court when the evidence is conflicting, and where there is evidence tending to sustain the finding of the court, unless the findings of the court are so clearly against the weight of the evidence as to make it manifest that the evidence was entirely disregarded, or that the court was influenced by passion or prejudice, or acted from some improper motive."

In Stahley Land etc. Co. v. Beckstead, 27 Wyo. 173, 192 Pac. 1056, speaking of a record presenting evidence in substantial conflict, the rule for disposition of such cases in this court was announced thus:

"Being satisfied that there is such a conflict in the evidence and that there is sufficient evidence in the record to sustain the judgment under the well settled rule that in such case the appellate court will not set aside the verdict of a jury or the findings of the trial court, this court will not reverse a judgment on the ground of insufficiency of the evidence unless there is an entire lack of substantial and credible evidence to support it. The trial judge saw and heard the witnesses who testified, had the opportunity to observe their manner and demeanor while so doing, and was in a much better position to determine the weight to be given to the testimony of each, and to arrive at a just conclusion as to the facts established by the evidence than we are from reading the testimony."

The cold printed record cannot possibly bring before an appellate court many things which the trial court can see and heed in reaching a conclusion consonant with justice; especially is this so in close cases of conflicting evidence.

Under such conditions it is not the duty of this court to substitute its own views upon the evidence, for those of the trial judge, who has full opportunity, with the parties and their witnesses before him, to see and hear those sometimes all-important matters which the printed record of the case can never bring before us. The rules announced by the decisions quoted from above have been too well settled in this and other jurisdictions in this country to be interfered with, even if we were disposed to do so, which we are not.

The judgment of the trial court will in each case be affirmed.

*Affirmed.*

BLUME, Ch. J., and KIMBALL, J., concur.